UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| OMAR RUBALCAVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-4078 |
| ) | |
| ROCK ISLAND COUNTY, a municipality, ) | |
| and MICHAEL HUFF, in his official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff Omar Rubalcava alleges that Defendants Rock Island County ("the County") and Michael Huff retaliated against him for exercising his right to engage in the political process. Allegedly, Huff, while working in his official capacity as Sheriff of the County, retaliated against Rubalcava because he supported Huff's political rival. Rubalcava originally filed suit in an Illinois state court on September 8, 2011. The original complaint did not contain any federal claims. When Rubalcava amended the complaint to add a federal claim (a 42 U.S.C. § 1983 violation), the County removed the case to federal court.

This matter is now before the Court on Rubalcava's motion to remand and for attorney's fees. Mot. to Remand, ECF No. 15. In his motion, Rubalcava raises two procedural defects as reasons to remand the case to state court. But his objection to these alleged defects comes too late. Granting Rubalcava's tardy motion to remand would encourage other plaintiffs to wait until a strategically opportune time to remand based on procedural issues that happened long ago—establishing a haphazard status to any litigation removed to federal court. For this reason and

other reasons described below, Rubalcava's motion to remand and for attorney's fees is DENIED.

## BACKGROUND

Rubalcava raises the following arguments for why the motion to remand should be granted: 1) the County violated 28 U.S.C. § 1446(b) by filing its notice of removal more than thirty days after it received Rubalcava's motion to amend the complaint;[1] and 2) Huff did not "join in or consent to the removal of the action" in violation of 28 U.S.C. § 1446(b)(2)(A). To deal with Rubalcava's motion, the Court must carefully consider the procedural timeline.

When Rubalcava originally filed his complaint in state court, he did not state any federal causes of action. But on June 15, 2012, Rubalcava moved to amend his complaint to add a federal claim that alleged that Huff deprived him of his right of political speech and that the County is liable under *Monell*. On July 24, 2012, the state court granted Rubalcava's motion to amend.

The amended complaint—with the newly-added federal claims—gave Defendants a basis to remove to federal court. The County filed a notice of removal on August 2, 2012, nine days after the state court granted Rubalcava's motion to amend. Notice of Removal, ECF No. 1. The County accidentally sent written notice to Rubalcava's former attorney's address, leaving Rubalcava momentarily unaware that his case had been removed to federal court. Mem. of Law in Supp. of Pl.'s Mot. to Remand, ECF No. 16. Even though Rubalcava received no written

---

[1] While the Court is denying Rubalcava's motion to remand for reasons other than the substance of these alleged defects, it is worth mentioning that this argument is likely wrong. The Seventh Circuit, dealing with a procedurally indistinguishable case, held that the thirty-day clock to remove the case starts not when the motion is received, but "when the motion is granted." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998). Before the motion is granted the case is not removable, and "[i]t would be fantastic to suppose that the time for removing a case could run *before* the case became removable." *Id*. Therefore, the County's filing of its notice of removal only nine days after the motion to amend was granted seems to be procedurally proper under 28 U.S.C. § 1446(b)(3).

notice, he soon learned of the removal when he tried to file the amended complaint at the state court and was told that his case had been removed to federal court. *Id*. Once Rubalcava's attorney learned that the case had been removed to this Court, he petitioned this Court for admission due to the removal. *Id*. After this Court admitted Rubalcava's attorney in September, he became actively involved in the litigation. He filed an amended complaint on October 25, 2012. Am. Compl., ECF No. 8. He filed a motion for leave to file agreed discovery plan instanter on December 3, 2012. *See* ECF No. 11. Later that month, the parties agreed on a discovery plan and exchanged documents and initial disclosures.

More than six months after filing his amended complaint in this Court, Rubalcava filed a motion to remand, which is now before the Court. ECF No. 15.

## DISCUSSION

In determining whether to grant Rubalcava's motion to remand, the Court must first classify the alleged removal defects as either jurisdictional defects or statutory (sometimes called procedural) defects. This classification is especially important because it determines the window of time Rubalcava has for objecting to the removal to federal court. *GE Betz, Inc. v. Zee Co.*, No. 12-3746, 2013 U.S. App. LEXIS 9047, at *25 (7th Cir. May 3, 2013) ("This distinction between statutory and jurisdictional defects is important because it determines when a plaintiff may object to removal.") While "a plaintiff may object to removal based on a jurisdictional defect at any time," the time the plaintiff has to object is "much smaller" when the defect is statutory. *Id*. at *26. Statutory defects must be raised in a motion to remand within thirty days of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."). The Seventh Circuit has defined a statutory defect as "any defect other than lack

3

of subject-matter jurisdiction." *GE Betz, Inc.*, 2013 U.S. App. LEXIS 9047, at *26.  In essence, statutory defects look to how the case made it to federal court, while jurisdictional defects concern whether it should be in federal court in the first place.

This Court has jurisdiction over Rubalcava's amended complaint.  Rubalcava's amended complaint claims that the Defendants violated 42 U.S.C. § 1983.  This claim is certainly an "action[] arising under the Constitution, laws, or treaties of the United States" and therefore 28 U.S.C. § 1331 grants the Court original jurisdiction over this action.  Accordingly, Defendants' removal appears proper from a jurisdictional standpoint.  If any defects remain in the removal of this case, such defects must be statutory and must have been timely raised.

### I. Rubalcava's motion to remand is untimely.

Rubalcava failed to file his motion to remand within the time stipulated by federal statute. 28 U.S.C. § 1447(c) states that a motion to remand must be filed within thirty days after the filing of the notice of removal.  The County filed its notice of removal on August 2, 2012. Rubalcava filed his motion to remand on May 13, 2013.  Rubalcava has not met this requirement since his motion came about nine months after the County filed its notice of removal.  In his defense, Rubalcava argues his error should be excused because he did not receive written notice of the removal from the County as required by federal statute.  28 U.S.C. § 1446(d) (requiring defendants to promptly supply written notice to all adverse parties of the removal).  The Court must determine whether it must remand the case because of the County's failure to provide written notice of removal to Rubalcava.

### II. Rubalcava's untimely motion is not excused due to the County's failure to provide written notice of removal.

Courts have yet to develop a uniform rule that determines when failing to provide written notice of removal requires a case to be remanded.  Some courts suggest that § 1446(d) requires

4

that the plaintiff actually receive the written notice of removal, some will excuse failure to receive written notice of removal if harmless, and some suggest that a defendant must show both a good faith effort to provide written notice to the plaintiff and no resulting prejudice to the plaintiff before excusing the defect. *See Busby v. Capital One, N.A.*, 759 F. Supp. 2d 81, 85 (D. D.C. 2011) (collecting cases). Actual receipt of written notice of removal is too rigid of a requirement. Section 1446(d) is a safeguard intended to protect plaintiffs in the removal process by giving them a fair opportunity to object to the removal: thirty days. Plaintiffs can still be protected even if they do not receive actual written notice of removal, as this case demonstrates. Because the purpose of the rule is to protect plaintiffs, defendants cannot be rewarded for failing to properly inform plaintiffs that their case has been removed. Thus, if a defendant's failure to provide written notice of removal prejudiced the plaintiff by causing plaintiff to miss the 30-day deadline for moving to remand, then defendant's § 1446(d) violation is not excusable. In this case, however, the purpose of § 1446(d) as a safeguard was fulfilled because the County made a good faith effort, even if ultimately failing, to provide written notice of removal and Rubalcava suffered no prejudice as a result.

      **a.**      **The County made a good faith effort to provide written notice.**

The County made a good faith effort to provide written notice to Rubalcava. The County's uncontested claim is that its failure to send Rubalcava written notice was an innocent oversight. ECF No. 16. The County addressed the written notice to the correct attorney, just at the incorrect address. Notice of Removal, ECF No. 1. After the County mailed the notice to the wrong address, it had no reason to try and cure this defect because, from its perspective, it appeared that Rubalcava had been notified of the removal. Rubalcava began the process of being admitted to the federal court soon after written notice was sent to the wrong address, making it

appear as if Rubalcava had received the written notice. Since no facts indicate that the County was trying to hide knowledge of the removal from Rubalcava, the Court concludes that the County made a good faith effort to provide written notice.

### b. Rubalcava suffered no prejudice by not receiving written notice.

Rubalcava has not been prejudiced at all by the County failing to properly serve him with written notice of removal. When determining whether Rubalcava was prejudiced, the key determination is whether the County's failure to provide Rubalcava written notice of removal unjustly delayed Rubalcava's motion to remand and forced him to file the motion after the thirty-day deadline. To determine this, the Court must consider whether the actual notice that Rubalcava received was sufficient to begin the thirty-day clock.

Actual notice serves the same function as written notice. Holding otherwise would undermine the purpose served by enforcing the thirty-day motion to remand deadline. This deadline "prevents shuttling of cases between state and federal court, and it prevents extended litigation that does no more than determine where litigation shall proceed." *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). Here, the parties are litigating where the litigation should proceed, doing nothing to resolve the underlying dispute between them. Courts strive to avoid these kinds of squabbles by requiring that "[p]rocedural issues must be resolved quickly or not at all, and once the 30 days have passed the parties may conduct the litigation without risk of a sudden change of forum." *Id*. Parties are entitled to the assurance that, once they have expended substantial time, effort, and funds in an effort to resolve an issue in a forum, they will not be thrown out of that court for procedural defects that existed long ago. By holding that actual notice does not begin the thirty-day clock, the Court would be supporting the notion that

6

procedure trumps fairness—an unfortunate result when the rule in question was enacted to ensure fairness.

Additionally, the Supreme Court has made it clear that removal procedures exist to protect the non-moving party and "to secure his appearance." *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913). When that party appears voluntarily, "the court will not, of its own motion, inquire as to the regularity of the issue or service of the process, or, indeed, whether there was any process at all, since it could be waived, in whole or in part, either expressly or by failing seasonably to object." *Id.* Since Rubalcava was actually notified and appeared before this Court, he cannot argue that the removal procedures failed him. The actual notice of removal secured his appearance, and therefore it is only equitable that we begin the thirty-day clock when he was actually notified.

Any delay caused by Rubalcava not receiving written notice is accounted for by giving Rubalcava thirty days after he received actual notice to file his motion to remand. The Court will begin its analysis from the time Rubalcava filed his motion to remand. Rubalcava filed his motion to remand on May 13, 2013. Therefore, if the Court finds that Rubalcava was notified of the removal more than thirty days prior to the motion to remand (on or before April 12, 2013), § 1447(c) makes Rubalcava's motion to remand untimely and allows the Court to conclude that he was not prejudiced when the County failed to send him written notice.

The circumstances, taken together, indicate that Rubalcava certainly knew before April 12, 2013, that his case had been removed to federal court. The procedural history of this case makes it difficult to conclude otherwise. Rubalcava even admits that he learned of the removal "early August 2012" when he went to file his amended complaint in state court. Mem. at 3, ECF No. 16. Only five days after the County filed the notice of removal, Huff sent Rubalcava written

notice regarding a motion for leave to appear that was filed in this Court. ECF No. 2. But there is more. Rubalcava's attorney was admitted to this Court sometime in August or September. From October through December, Rubalcava agreed to a discovery plan, participated in a Rule 16 scheduling conference, filed an amended complaint with this Court, and filed a motion for leave to file a discovery plan instanter—all without any objection to being in federal court. Altogether, Rubalcava's actions show that he, at the very least, knew and understood that the case had been removed to federal court well before April 12, 2013, and, therefore, was not prejudiced by the County's sending the notice of removal to the wrong address. The County's failure to provide written notice is no excuse for Rubalcava's untimely motion to remand.

Even if the Court were to find that the two procedural defects at issue here are legitimate, neither of these defects justify the delay or hardship that a sudden change of forum would create. All parties have, in good faith, continued litigating this case in this Court for many months and are entitled to rely on this Court to resolve the underlying issues absent, of course, a legitimate jurisdictional defect.

## CONCLUSION

For the reasons described above, Rubalcava's motion to remand and for attorney's fees, ECF No. 15, is DENIED.

Entered this 30th day of July, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE

8